UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHAEL CLAIR**, <br><br> Defendant. | CASE No.1:13-CR-00169-EJL <br><br> **ORDER GRANTING MOTION TO WITHDRAW** |

Before the Court in the above-entitled matter is the defense's Motion to Withdraw as the Attorney of Record and Motion to Appoint the Federal Public Defenders. (Dkt. 8.) The Motion and supporting Affidavits represent that the Defendant has terminated the services of his current counsel following the entry of his guilty plea and requests appointment of the Federal Public Defenders to represent him at the sentencing hearing.

DISCUSSION

A trial court's decision to release counsel is an exercise of its discretion. *United States v. Williams*, 717 F.2d 473 (9th Cir. 1983) (citing *Glavin v. United States*, 396 F.2d 725, 726 (9th Cir. 1968)). Local Criminal Rule 44.1(b) states that "[a]n attorney who has appeared for a defendant may thereafter withdraw only upon notice to the defendant and all parties to the case and after order of the court finding good cause exists and granting leave to withdraw." Pursuant to the local rule, the attorney is required to continue to

Order

represent the defendant after an appeal has been taken "until leave to withdraw is granted by [the] court as provided in 18 U.S.C. §3006A" and as provided by the Judicial Counsel of the Ninth Circuit. *See* Local Criminal Rule 44.1(b). The Court "may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c).

On July 15, 2013, the Defendant entered a guilty plea pursuant to a written Plea Agreement. (Dkt. 5.) Following the plea, defense counsel made an oral motion to withdraw which the Court took under advisement and directed counsel to file a written motion. Accordingly, defense counsel filed the instant Motion and Affidavits. A financial affidavit has also been filed. (Dkt. 6.) The Court has reviewed these materials as well as the entire record herein and finds good cause has been shown to grant the Motion to Withdraw as it appears the Defendant has fired his attorney.

Additionally, the Court finds the Defendant to be indigent based on his financial affidavit and, therefore, will direct the Clerk of the Court to appoint new CJA Counsel to represent the Defendant at the sentencing hearing. As to the Motion's request for appointment of the Federal Public Defenders, the Court notes that "[a]n indigent defendant is entitled to appointed counsel, but not necessarily to appointed counsel of his choice." *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1397 n. 2 (9th Cir. 1991) overruled on other grounds by *Bailey v. United States*, 516 U.S. 137 (1995) (citing *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970)). Thus, the Court will direct the Clerk of the Court to appoint new CJA Counsel as per the regular appointment procedures.

ORDER

NOW THEREFORE IT IS HEREBY ORDERED AND IS ORDERED that the Motion to Withdraw (Dkt. 8) is **GRANTED**. The Clerk of the Court is directed to appoint new CJA Counsel to represent the Defendant in this matter.

IT IS FURTHER ORDERED that the sentencing hearing remains set for **October 7, 2013**.

DATED: July 17, 2013

Edward J. Lodge
United States District Judge