CRIMINAL PROCEEDINGS/Sentencing
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Judge Edward J. Lodge | Date: October 7, 2013 |
| Deputy Clerk: Anne Lawron | Case No: 1:13cr00169S-EJL |
| Reporter: Lisa Yant | Time: 1 hour 10 min |
| | Location: Boise |

**UNITED STATES OF AMERICA vs.** MICHAEL BRIAN CLAIR
        Counsel for United States:  AUSA James Peters
        Defendant:     Kenneth Stringfield

On 07/15/2013  the defendant entered a plea of guilty to Count One charging Sexual Exploitation of Children.  The plea was pursuant to a written plea agreement.

Victim Impact Statement made by Casandra Clair.

A statement of the defendant's mother, Marie Clair, was read by Connie Ball.

There were no objections filed to the presentence report.

Recommendations as to sentencing were made by counsel and a statement was made to the Court by the defendant.

The defendant, Michael Brian Clair, is hereby sentenced to the Bureau of Prisons for a period of thirty (30) years  to be followed by a term of Supervised Release for twenty (20)  years.   Defendant to comply with the following terms and  conditions of supervised release:

Defendant shall not commit another federal, state or local crime during the term of supervision.

The defendant shall comply with the rules and regulations of the Probation Department.

The defendant shall not possess a firearm or other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance and shall abstain from the unlawful use of the same

Pursuant to 18 USC 3583(d) the defendant shall submit to a drug test within 15 days of release on supervised release and to a maximum of five (5) periodic drug tests a month thereafter for the term of supervised release, as directed by the probation officer.  Cost of the testing to be paid by the defendant and the government based upon the defendant's ability to pay.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a program of testing and treatment for alcohol abuse and mental health  as directed by the probation officer.  The cost to be paid by both the defendant and the

government based upon the defendant's ability to pay.

The defendant will participate, at the direction of his probation officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

The defendant will successfully complete any course of treatment related to his offense, as directed by the probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant shall follow the rules of the treatment program as if they are the orders of the Court. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant will participate in polygraph testing at the direction of the probation officer and/or treatment staff to monitor compliance with treatment conditions and supervised release conditions specific to the supervision of a sex offender. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

Throughout the term of supervised release, the defendant shall participate in GPS monitoring, at the discretion of the probation officer, to ensure that the defendant does not frequent restricted locations. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

The defendant shall not engage in a romantic relationship with anyone who has minor children without the written approval of the probation officer and only after that person is trained to serve as a chaperone for sexual offenders.

The defendant will not reside or loiter within 300 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.

The defendant may not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance by his probation officer.

The defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

The defendant shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of the defendant's case and/or sentence (e.g., presentence report, statutes, case law).

The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the

approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

Defendant shall have no contact directly or indirectly with the victims of this offense.

Pursuant to 18 USC 3563(a)(9) and 3583(d), the defendant shall cooperate in the collection of DNA.

A fine is waived due to defendants ability to pay.

Pursuant to 18 USC 3013 defendant shall pay a Special Assessment of $100.00

Defendant shall forfeit all property identified in the charging document consistent with the plea agreement.

Right to Appeal advised.

Defendant remanded to the custody of the USMS.